# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| Plaintiff/Respondent, | ) | |
| v. | ) | No. CIV-16-494-D |
| | ) | CR-10-371-D |
| DWAYNE D. MOTSENBOCKER, | ) | |
| Defendant/Movant. | ) | |

## ORDER

Defendant, a federal prisoner appearing pro se, brings this action under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence in light of the Supreme Court's decision in *Johnson v. United States*, __ U.S. __, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) [Doc. No. 1]. The United States has filed its response [Doc. No. 164][1] and the matter is now at issue. Because Defendant is proceeding pro se, the Court construes his filings liberally, but will not act as his advocate in constructing his arguments and searching the record. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

---

[1] This citation, and all subsequent citations to the docket, shall be in reference to the underlying criminal case, *United States v. Motsenbocker*, No. CR-10-371-D (W.D. Okla.).

## BACKGROUND

Defendant was charged by Indictment with bank robbery, using a firearm during a crime of violence, and being a felon in possession of a firearm [Doc. No. 12]. On March 25, 2011, a jury found Defendant guilty of all three counts. In the Presentence Investigation Report (PSIR) prepared by the U.S. Probation Office [Doc. No. 113], Defendant was classified as an "armed career criminal" within the meaning of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), and a "career offender" within the meaning of Section 4B1.1 of the United States Sentencing Guidelines (USSG or the "Guidelines"),[2] because he had five (5) prior state convictions for armed robbery. *See* PSIR, ¶¶ 43, 88-89. Defendant was sentenced to a term of 288 months' imprisonment and three years of supervised release. The Tenth Circuit Court of Appeals affirmed his conviction. *See United States v. Motsenbocker*, 528 F. App'x 832 (10th Cir. 2013) (unpublished).

As the Court construes Defendant's motion,[3] he contends that following *Johnson*, his prior convictions can no longer constitutionally constitute predicate

---

[2] This provision states "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a).

[3] For his first proposition of error, Defendant's motion merely provides the citation to *Johnson*. Mot. at 4. For his second proposition, Defendant's motion states "CF-1981-2776? Information not accessible due to incarceration. Convicted of armed

convictions under the ACCA and the Guidelines, and he should be resentenced without the enhancement. As stated more fully below, the Court finds Defendant's motion should be denied.

**DISCUSSION**

*Johnson* examined the provisions of the Armed Career Criminal Act ("ACCA") that mandate a 15-year minimum sentence for anyone convicted of being a felon in possession of a firearm who "has three previous convictions ... for a violent felony." 18 U.S.C. § 924(e)(1). Specifically at issue in *Johnson* was the ACCA's definition of "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year ... if committed by an adult, that –
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another* [.]

*Id*. § 924(e)(2)(B) (emphasis added). The italicized phrase in clause (ii) is commonly known as the "residual clause," while clause (i) is known as the "elements clause" and the non-italicized phrase in clause (ii) is known as the "enumerated clause." *See United States v. Harris*, 844 F.3d 1260, 1262 (10th Cir. 2017). *Johnson* held that the residual clause was unconstitutionally vague. *Id*. at 2557. On April 18, 2016, the

---

robbery (5 counts). Information not accessible due to incarceration." *Id*. at 5. One of Defendant's state criminal cases for armed robbery was filed under Case No. CRF 81-2776. *See* PSIR, ¶ 48.

Supreme Court decided in *Welch v. United States*, __ U.S. __, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016) that *Johnson* had announced a substantive change in the criminal law and, therefore, applied retroactively. Thus, pursuant to 28 U.S.C. § 2255, prisoners sentenced under the residual clause of the ACCA's "violent felony" definition can collaterally challenge their sentences as unconstitutional.

However, more recently in *Beckles v. United States*, __ U.S. __, 137 S.Ct. 886, 2017 WL 855781 (U.S. Mar. 6, 2017), the Supreme Court concluded that the U.S. Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause. *Id*. at 894. Specifically, the Court held that *Johnson's* vagueness holding did not apply to the "career offender" provisions of the U.S. Sentencing Guidelines.

Despite its clear repudiation of the residual clause, the *Johnson* Court specifically noted its holding did "not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Johnson*, 135 S.Ct. at 2563. Defendant's Oklahoma convictions for armed robbery count as violent felonies under the ACCA's elements clause. At the time of his robbery convictions, Oklahoma's armed robbery (robbery with a dangerous weapon) statute provided:

> Any person or persons who, with the use of any firearms or any other dangerous weapons, whether the firearm is loaded or not, or who uses a blank or imitation firearm capable of raising in the mind of the one threatened with such device a fear that it is a real firearm, attempts to

4

rob or robs any person or persons, or who robs or attempts to rob any place of business, residence or banking institution or any other place inhabited or attended by any person or persons at any time, either day or night, shall be guilty of a felony and, upon conviction therefor, shall suffer punishment by imprisonment for life in the State Penitentiary, or for a period of time of not less than five (5) years, at the discretion of the court, or the jury trying the same.

21 OKLA. STAT. § 801. The elements of robbery with a dangerous weapon are: (1) the wrongful, (2) taking, (3) and/or carrying away, (4) the personal property, (5) of another, (6) from the person (or the immediate presence) of another, (7) by force/fear, (8) through use of a dangerous weapon. *Primeaux v. State*, 2004 OK CR 16, ¶ 67, 88 P.3d 893, 906. Defendant's armed robbery convictions have, as an element, "the use, attempted use, or threatened use of physical force against the person of another" and thus support his armed career criminal classification and ACCA sentence enhancement. Defendant's motion on this issue is denied.

Lastly, to the extent Defendant challenges his career offender enhancement under USSG § 4B1.1, which the Court concludes he has done, the Court finds this argument is foreclosed by *Beckles, supra. See United States v. Crause*, No. 2:10-CR-40-JLQ, 2017 WL 1159100, at *5 (E.D. Wash. Mar. 28, 2017) ("Because Defendant's Motion hinges on U.S.S.G. § 4B1.1(a)(2)'s residual clause being unconstitutionally vague, *Beckles* forecloses any relief to Defendant."); *Alvarez-Herrera v. United States*, No. CV 16-5384, 2017 WL 1097173, at *7 (C.D. Cal. Mar. 23, 2017) ("*Beckles* precludes Petitioner from asserting on collateral review that the

5

Sentencing Guideline underlying his 16-point enhancement is void for vagueness. [A]ssuming that Petitioner challenges his sentence based upon the premise that the Sentencing Guidelines are unconstitutionally vague, Petitioner's Motion fails."); *Rodgers v. United States*, No. 16-cv-622, 2017 WL 1019851, at *8 (S.D. Ill. Mar. 16, 2017) ("*Beckles* forecloses any argument by Rodgers that his offense of conviction … was not a crime of violence justifying career offender designation under § 4B1.1 of the Guidelines.").

## CONCLUSION

Accordingly, Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is **DENIED** as set forth herein. A judgment shall be issued forthwith.

**IT IS SO ORDERED** this **12th** day of April 2017.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE